IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARMANDO GARCIA DE LA CRUZ, 20179-047,<br>    Plaintiff,<br><br>v.<br><br>WARDEN MAUREEN CRUZ, ET AL.,<br>    Defendants. | No. 3:14-CV-3846-D<br>(Consolidated with<br>3:14-CV-4439-D) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## I. Background

Plaintiff is a federal prisoner confined in the Federal Correctional Institution (FCI) - Seagoville in Seagoville, Texas. The extensive factual and procedural history of this case is contained in the undersigned Magistrate Judge's March 11, 2015, Findings, Conclusions and Recommendation.

On July 24, 2015, the district court granted Plaintiff leave to file an amended complaint. On September 19, 2015, Plaintiff filed an amended complaint and a motion to replead. The Court finds Plaintiff's amended complaint should be dismissed and his motion to replead should be denied.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -1-

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III. Discussion

#### A. Amended Complaint

In Plaintiff's amended complaint, he seeks to add three new Defendants. He claims that on June 21, 2012, a John Doe Lieutenant in charge of his transport plane in California made him walk to the plane in shackles and forced him to walk up the gangway, which caused him great pain due to his medical conditions. He states he was transferred from California to the Federal

Transfer Center in Oklahoma. While at the Oklahoma Federal Transfer Center, he states Dr. Warson and a John Doe Captain arranged for his transport by bus, but failed to either provide him with a soft cushion seat or allow him to lie down during the transport. He states Defendants' actions violated his Eighth Amendment rights and violated the Americans with Disabilities Act.

The Court finds the claims against these Defendants should be severed from this action pursuant to Fed. R. Civ. P. 21 and transferred pursuant to 28 U.S.C. § 1406(a).

Under Fed. R. Civ. P. 21, the Court may *sua sponte* sever any claim against any party. Courts consider the following factors in determining whether to sever claims under Rule 21: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some commons questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance was granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Johnson v. BAE Systems Land & Armaments, L.P.*, 2014 WL 1714487 at *35-36, No. 3:12-CV-1790-D-BH (N.D. Tex. Apr. 30, 2014) (citing *Morris v. Northrop Grumman Corp.*, 37 F. Supp.2d 556, 580 (E.D.N.Y. 1999) and *Aspen Tech., Inc. v. Kunt*, 2011 WL 86556, at *2 (S.D. Tex. Jan. 10, 2011)).

In this case, the claims arising from these Defendants' actions occurred in California and Oklahoma and do not arise from the same transaction or occurrence as Plaintiff's claims against the FCI Seagoville Defendants. Plaintiff's claims against Dr. Warson and the John Doe Captain involve decisions and actions that occurred in Oklahoma, while Plaintiff's claims against the John Doe Lieutenant involve decisions and actions taken in California. Further, severance may

avoid prejudice because, as discussed below, venue in the Northern District of Texas is improper under 28 U.S.C. § 1391(a). The Court therefore recommends severance of these claims.[1]

The Court also finds that venue of these claims is improper in the Northern District of Texas. Title 28 U.S.C. § 1391(a) governs venue of a federal cause of action. That statute states in pertinent part:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The events and actions underlying Plaintiff's claims occurred in the Western Division of the Central District of California and the Western District of Oklahoma. Further, it is likely that these Defendants reside in the States of California and Oklahoma. Consequently, under § 1391(a)(1) and (2) venue is improper in the Northern District of Texas. Additionally, § 1391(a)(3) does not apply, since these claims could have been brought in the proper California and Oklahoma courts. *See Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 n.10 (10th Cir. 2010) ("Under § 1391(a)(3), venue is not proper because EMC could have

---

[1] Where claims are properly severed, the severed claims become a separate action and may be transferred under 28 U.S.C. §§ 1404 and 1406. *See Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (5th Cir. 1968); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991).

**Findings and Conclusions of the**
**United States Magistrate Judge**     Page -4-

brought the declaratory judgment action in the District of Utah."); *Beasley v. Krafcisin*, 2014 WL 4651996, at *3, No. 3:13-CV-4972-M (N.D. Tex.) ("[V]enue can be based on this subsection only 'if there is no district in which the action may otherwise be brought.'"). Venue in the Northern District of Texas is therefore not proper.

Where an action is brought in the improper venue, the court shall dismiss the action, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds that in the interest of justice, Plaintiff's claims against the John Doe Lieutenant should be transferred to the Western Division of the Central District of California, and Plaintiff's claims against Dr. Warson and the John Doe Captain should be transferred to the Western District of Oklahoma rather than dismissed so that Plaintiff may retain his original filing date of these claims.

**B.     Motion to Replead**

On September 19, 2015, Plaintiff filed a motion to replead. He seeks to replead his claims against FCI Terminal Island employees Dr. Conrad Graber, Dr. Dag, John Doe Assistant Warden, and Medical Administrator Ms. Lopez. He also raises claims against two new FCI Terminal Island Defendants – Physician Assistant Cornejo and "Unknown A.W."

On November 14, 2014, the court transferred Plaintiff's original claims against Dr. Graber, Dr. Dag, John Doe Assistant Warden and Medical Administrator Ms. Lopez to the Western Division of the Central District of California, finding that the Northern District of Texas was an improper venue for these claims. Likewise, the Court finds the Northern District of Texas is an improper venue for Plaintiff's new claims against these Defendants under 28 U.S.C.

**Findings and Conclusions of the
United States Magistrate Judge**          Page -5-

§ 1391(a). The events surrounding these claims occurred in California, and the Defendants presumably reside in California. The Northern District is therefore an improper venue. Plaintiff's motion to replead should be denied.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against John Doe Lieutenant be severed pursuant to Fed. R. Civ. P. 21 and transferred to the United States District Court for the Western Division of the Central District of California pursuant to 28 U.S.C. § 1406(a); (2) Plaintiff's claims against Dr. Warson and John Doe Captain be severed pursuant to Fed. R. Civ. 21 and transferred to the Western District of Oklahoma pursuant to 28 U.S.C. § 1406(a); and (3) Plaintiff's motion to replead be denied.

Signed this 21 day of December, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).